IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLIN MEDIA ART e.k.,

    Plaintiff,                        CIV. NO. S-11-2039 KJM GGH

    vs.

DOES 1 through 146, inclusive,

    Defendants.                     <u>ORDER</u>

_____/

         Presently before the Court is plaintiff's motion for expedited discovery.  On August 1, 2011, plaintiff filed a complaint for copyright infringement against several Doe defendants. (Dkt. No. 1.)  Plaintiff alleges that it is the owner of the United States Copyright in a motion picture titled *Sabrina Trifft Auf Sperma*.  Plaintiff further alleges that the Doe defendants, without authorization, used one or more peer-to-peer ("P2P") networks to download a copy of the motion picture and distribute it to the general public by making the motion picture available for distribution to other users of the P2P network.

         Plaintiff does not know the names of the Doe defendants, but has identified each defendant by the IP address assigned by his or her Internet Service Provider ("ISP") on the date

////

and at the time at which the defendant's alleged infringing activity was observed.[1] According to plaintiff, only the ISPs who issued the IP addresses connected with the unauthorized downloading have the ability to identify the subscribers associated with the IP addresses. Thus, plaintiff seeks an order granting expedited discovery to serve Rule 45 subpoenas on the ISPs to discover information related to each Doe defendant, including names, current and permanent addresses, telephone numbers, and e-mail addresses, permitting plaintiff to amend its complaint to state the true name of each defendant and to meet and confer pursuant to Fed. R. Civ. P. 26(f).

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d) (emphasis added). Courts apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("Semitool"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in California, applying the test in Semitool, found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. See e.g. UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007). In Arista Records LLC, the plaintiffs

---

[1] Plaintiff's complaint and motion do not specify how the IP addresses and ISPs were identified. However, at the hearing, plaintiff's counsel indicated that the services of a third-party company were used to obtain this information.

1 alleged that unidentified defendants had used an online media distribution system to download
2 and distribute plaintiffs' copyrighted works to the public without permission.  Arista Records
3 LLC, 2007 WL 4538697, at *1.  Because the plaintiffs were only able to identify each defendant
4 by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte
5 application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe
6 defendants' true identities.  Id.  The court found good cause to allow expedited discovery based
7 on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long
8 preserve the information sought, the narrow tailoring of the requests to the minimum amount of
9 information needed to identify the defendants without prejudicing their rights, and the fact that
10 the expedited discovery would substantially contribute to moving the case forward.  Id.  The
11 court further noted that, without such discovery, plaintiffs could not identify the Doe defendants
12 and would not be able to pursue their lawsuit to protect their copyrighted works from
13 infringement.  Id.

14       Here, plaintiff has similarly demonstrated its need for expedited discovery.
15 Plaintiff obviously cannot conduct a Rule 26(f) conference with unidentified defendants and will
16 need to conduct pre-conference discovery to ascertain the Doe defendants' identities, amend its
17 complaint, and move the case forward.  There does not appear to be any other way for plaintiff to
18 identify the defendants and pursue the lawsuit to protect its copyrighted motion picture.  Given
19 that plaintiff has identified each defendant by the IP address assigned by his or her ISP, it seems
20 likely that the requested discovery will identify the unknown defendants.  Furthermore, there is
21 some need for exigency given the risk that the information sought may be inadvertently destroyed
22 by ISPs in the ordinary course of business.

23       The need for expedited discovery must of course be balanced against the prejudice
24 to the responding party.  Semitool, 208 F.R.D. at 276.  In this case, the responding parties are
25 various ISPs.  It is unclear what prejudice the ISPs will suffer if ordered to produce the
26 information plaintiff requests.  According to plaintiff's moving papers, there are approximately

3

146 IP addresses to be identified by about 11 providers.[2] (See Declaration of Scott M. Hervey in support of Plaintiff's Motion for Expedited Discovery, Ex. B, Dkt. No. 6-2.)  It would not seem to be excessively burdensome for these ISPs to identify such a limited quantity of IP addresses.  Moreover, there is little risk of prejudice to the defendants.  "Expedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel." Pod-Ners, LLC, 204 F.R.D. at 676 (citations omitted).  However, the expedited discovery requested here is narrowly tailored and only seeks the minimum amount of information needed to identify the defendants—their names, current and permanent addresses, telephone numbers, and e-mail addresses.  Because the proposed discovery relates to existing identifying information and does not seek early admissions, answers to interrogatories, or depositions during which defendants may "unwarily" incriminate themselves, concerns of prejudice to the defendants are not present here.

In sum, good cause exists for expedited discovery in this matter, because plaintiff's need for the discovery outweighs any prejudice to the ISPs or the unidentified defendants.

For the reasons discussed above, IT IS ORDERED that:

1. Plaintiff's motion for expedited discovery (dkt. no. 6) is granted.

2. Plaintiff may serve immediate discovery on the ISPs (ACN, Charter Communications, Comcast Cable, DoD Network Information, Madison River Communication, Qwest Communications, RASER, Road Runner, SBC Internet Services, Sprint PCS, and Verizon Internet Services) to obtain the identity of each Doe defendant, by serving a subpoena pursuant to Fed. R. Civ. P. 45 that seeks information sufficient to identify each Doe defendant by name, current and permanent address, telephone number, and e-mail address.

---

[2] The 11 ISPs are ACN, Charter Communications, Comcast Cable, DoD Network Information, Madison River Communication, Qwest Communications, RASER, Road Runner, SBC Internet Services, Sprint PCS, and Verizon Internet Services.

3. Any information disclosed to plaintiff in response to the subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

4. If any of the ISPs wish to move to quash the subpoenas, they shall do so before the return date of the subpoena. If such a motion is brought, the ISPs shall nonetheless preserve the information sought in the subpoena pending resolution of such motion.

5. Plaintiff shall provide a copy of this Order to each ISP when the subpoena is served.

DATED: September 9, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:wvr
Berlin.2039.civ.wpd